IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM SHELTON and ALECIA SHELTON,<br><br>    Plaintiffs,<br><br>  v.<br><br>YOUNG'S WELDING AND MACHINE SHOP, LLC,<br><br>    Defendant and Third-Party Plaintiff,<br><br>  v.<br><br>SHOW-ME SHORTLINE COMPANY, LLC<br><br>    Third-Party Defendant. | CASE NO. 8:14CV165<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on a Motion to Dismiss Third-Party Plaintiff's Complaint ("Third-Party Complaint") (Filing No. 26) filed by Third-Party Defendant Show-Me Shortline Company, LLC ("Show-Me"). For following reasons, the motion will be granted.

## BACKGROUND AND FACTS

For purposes of the pending motion, all well-pled facts are accepted as true, though the Court need not accept proposed conclusions of law. The following is a summary of the factual allegations.

This case arises out of an accident that occurred on February 21, 2012 (the "Accident"). In the course of the Accident, Plaintiff William Shelton ("Shelton") sustained injuries when attempting to use a hydraulic bag wrapper machine ("Machine"). (Pl. Am. Compl., Filing No. 37.) The Machine was manufactured by Young's Welding and Machine Shop, LLC ("Young's Welding") at the request of Show-Me. Show-Me is in the

business of marketing farm equipment.  Show-Me provided photographs to Young's Welding specifying how it wanted the Machine manufactured.  Thereafter, Show-Me sold the Machine to an agricultural equipment distributor.  Young's Welding understood from its dealings with Show-Me, that Show-Me, as the distributor of the Machine, would train its distributors in the proper use and operation of the Machine.

## PROCEDURAL HISTORY

On June 3, 2014, Shelton and Alecia Shelton (collectively "Plaintiffs") filed a Complaint (Filing No. 1) against Young's Welding alleging that Young's Welding is strictly liable in tort for Plaintiffs' injuries and damages arising out of the Accident. Subsequently, Plaintiffs filed an Amended Complaint ("Plaintiffs' Complaint") (Filing No. 37) alleging the same strict liability tort claims against Young's Welding.[1]  Young's Welding filed a Third-Party Complaint (Filing No. 20) against Show-Me alleging that Show-Me is liable to Young's Welding based on the following theories: strict liability, negligence, and breach of implied warranties of merchantability and fitness.

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[A]lthough a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir. 2010) (quoting *Bell Atl. Corp.*

---

[1] The Amended Complaint included additional allegations with respect to jurisdictional requirements. (*Compare* Filing No. 1 at ECF 1, *with* Filing No. 27 at ECF 1.)  With the exception of the amount of damages suffered by Plaintiffs, the remainder of the allegations in the Amended Complaint are identical to those in the original complaint. (*Compare* Filing No. 1 at ¶7(a), *with* Filing No. 37 at ¶8(a)).

*v. Twombly*, 550 U.S. 544, 555 (2007)). "Instead, the complaint must set forth 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 630 (citing *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). "Courts must accept . . . specific factual allegations as true but are not required to accept . . . legal conclusions." *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1120 (8th Cir. 2011) (quoting *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010)) (internal quotation marks omitted). "A pleading that merely pleads 'labels and conclusions,' or a 'formulaic recitation' of the elements of a cause of action, or 'naked assertions' devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). The complaint's factual allegations must be "sufficient 'to raise a right to relief above the speculative level.'" *Williams v. Hobbs*, 658 F.3d 842, 848 (8th Cir. 2011) (quoting *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009)).

When ruling on a defendant's motion to dismiss, a judge must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555, 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The complaint,

however, must still "include sufficient factual allegations to provide the grounds on which the claim rests." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009).

"Two working principles underlie . . . *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## DISCUSSION

**I.  Strict Liability in Tort**

Young's Welding alleges that Show-Me is liable on a theory of strict tort liability because Show-Me placed the Machine on the market with the following defects: there were no warning labels on the Machine; there were no instruction labels on the Machine; and there was no emergency shut-off on the Machine. Young's Welding also alleges that Show-Me did not train its distributors in the proper use and operation of the Machine.

Under Nebraska law,[2] "[i]n products liability, there is a significant distinction between a manufacturer's liability for the manufactured product on account of strict

---

[2] Nebraska has adopted Restatement (Second) of Conflicts of Law § 146 (1971), *Malena v. Marriott Int'l, Inc.*, 651 N.W.2d 850, 856 (Neb. 2002), which provides:

4

liability in tort, as opposed to liability based on negligence." *Kudlacek v. Fiat S.p.A.*, 509 N.W.2d 603, 609-10 (Neb. 1994). With respect to products liability actions based on negligence, the question is "whether the manufacturer's conduct was reasonable in view of the foreseeable risk of injury, whereas in a cause of action based on strict liability in tort, the question involves the quality of the manufactured product, that is, whether the product was unreasonably dangerous." *Id.* at 610. Nebraska law prohibits plaintiffs from bringing actions based on the doctrine of strict liability in tort against "any seller or lessor of a product which is alleged to contain or possess a defective condition unreasonably dangerous to the buyer, user, or consumer unless the seller or lessor is also the <u>manufacturer</u> of the product or the part thereof claimed to be defective." Neb. Rev. Stat. § 25-21,181 (2008) (emphasis supplied).

Show-Me argues that it cannot be held strictly liable in tort under Nebraska law because it was not the manufacturer of the Machine. Young's Welding admits that it manufactured the machine referenced in Plaintiffs' Complaint; however, Young's Welding argues that Show-Me should still be held liable under the doctrine of strict liability because (1) Show-Me "was involved in the manufacturing and design process," and (2) Show-Me "was part of the common enterprise that produced the [Machine]." (Filing No. 29 at ECF 3,4.)

---

In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

Plaintiffs' injuries occurred in Nebraska, and the parties do not dispute that Nebraska law applies to Young's Welding's claims against Show-Me.

### A. *Show-Me's Involvement in the Manufacture of the Machine*

Show-Me's alleged involvement in the manufacture of the Machine does not make Show-Me a manufacturer. The Third-Party Complaint does not allege that Show-Me assisted in, or even influenced, the construction, assembling, packaging, or labeling of the Machine. The only allegation in the Third-Party Complaint supporting the claim that Show-Me was involved in the manufacturing process is that Show-Me provided photographs to Young's Welding depicting how it wanted the Machine manufactured. This is not enough to raise Show-Me to the status of a manufacturer. *See Sherman v. Sunsong Am., Inc.*, 485 F. Supp. 2d 1070, 1079 (D. Neb. 2007) (finding that providing testing standards for a product to a manufacturer did not raise supplier and distributor to the status of manufacturer of a product).

### B. Apparent Manufacturer Doctrine

Young's Welding claims that "Nebraska law recognizes that a non-manufacturer can be sued for strict liability" and that "a fact finder can transfer the liability of a manufacturer to a separate entity holding itself out as manufacturer." (Filing No. 29 at ECF 5.) This argument appears to be based on the "apparent manufacturer doctrine."

First, in support of its argument, Young's Welding cites an opinion issued by this Court, *Sherman v. Sunsong America, Inc.*, 485 F. Supp. 2d 1070 (2007), discussing the apparent manufacturer doctrine and declining to apply it in a case governed by Nebraska law. *Id.* at 1080. It was recognized that the apparent manufacturer doctrine "allows a fact finder to transfer the liability of a manufacturer to a separate entity holding itself out as the manufacturer." *Id.* at 1079 (quoting *Stones v. Sears, Roebuck & Co.*, 558 N.W.2d 540, 544 (Neb. 1997)) (internal quotation marks omitted). The Nebraska

6

Supreme Court has not adopted the doctrine, however, and, in *Sherman*, this Court concluded that even if the Nebraska Supreme Court *did* adopt the doctrine, it would not apply under the facts of *Sherman* because there was no evidence that the plaintiffs "relied upon any brand name, apparent or not, in choosing" the allegedly defective product. *Id.* at 1080.

The reasoning in *Sherman* also applies here. There are no allegations in the Plaintiffs' Amended Complaint or in the Third-Party Complaint to support an inference that the ultimate purchaser of the Machine relied on any brand name. Nor are facts alleged supporting an inference that Show-Me held itself out as a manufacturer. In the Third-Party Complaint, Young's Welding alleged that Show-Me was in the business of *marketing* farm equipment, not the business of *manufacturing* farm equipment. This Court concludes that even if the apparent manufacturer doctrine *were* adopted in Nebraska, it would not apply under the facts of this case.

## II.   Negligence

Under Nebraska law, to recover in a negligence action, "a plaintiff must show a legal duty owed by the defendant to the plaintiff, a breach of such duty, causation, and damages." *Martensen v. Rejda Bros., Inc.*, 808 N.W.2d 855, 861-62 (Neb. 2012).

### *A.  Duty*

In a negligence action, whether a legal duty exists is a threshold question that is a "question of law dependent on the facts in a particular situation." *Durre v. Wilkinson Dev., Inc.*, 830 N.W.2d 72, 80 (Neb. 2013). Nebraska law defines legal duty as "an obligation, to which the law gives recognition and effect, to conform to a particular standard of conduct toward another. If there is no duty owed, there can be no

7

negligence." *Id.* (internal citations omitted). With respect to legal duty in negligence cases, the Nebraska Supreme Court has adopted the analysis of the Restatement (Third) of Torts: Liability for Phys. & Emot. Harm ("Restatement (Third)"). *A.W. v. Lancaster Cnty. Sch. Dist. 0001*, 784 N.W.2d 907, 918 (Neb. 2010); *Olson v. Wrenshall*, 822 N.W.2d 336, 342-43 (Neb. 2012). Under § 7 of the Restatement (Third) ("§ 7"), ordinarily, an actor has a "duty to exercise reasonable care when the actor's conduct creates a risk of physical harm." Restatement (Third) of Torts: Phys. & Emot. Harm § 7 (2010).[3] Generally, the inverse of § 7 is also true, in that, "an actor whose conduct has not created a risk of physical harm to another has no duty of care to the other." *Olson*, 822 N.W.2d at 343 (citing the Restatement (Third) § 37 (Proposed Final Draft No. 1, 2005) (published in 2012)).

The Third-Party Complaint alleges that Show-Me negligently placed the Machine on the market with no warning labels, instruction labels, or emergency shut-off feature. It further alleges that Show-Me sold the Machine to a "distributor of agricultural equipment." (Filing No. 20 ¶5.) Assuming that Show-Me had any duty to place warning labels, instruction labels, and an emergency shut-off feature on the Machine, the alleged conduct of placing the Machine on the market without such safety features did not create a risk of physical harm to Young's Welding. The Court concludes that Young's Welding failed to allege facts supporting a reasonable inference that Show-Me owed a duty of care to Young's Welding with respect to Show-Me's placement of the Machine on the market.

---

[3] *A.W.*, 784 N.W.2d at 915, 918 (expressly adopting §7 of the Restatement (Third)).

8

### B. Breach, Causation, and Damages

Even if Show-Me did owe a duty of care to Young's Welding, Young's Welding still must demonstrate that Show-Me's breach of that duty was the cause of some damage to Young's Welding. Considering all reasonable inferences that may be drawn from the facts alleged in the Third-Party Complaint, the only damage Young's Welding has or will suffer as a result of the Accident is payment of damages to Plaintiffs if Plaintiffs succeed on their claim against Young's Welding for strict liability in tort. Such damages are insufficient when pleading a claim for negligence. *See Lesiak v. Cent. Valley Ag Co-op., Inc.*, 808 N.W.2d 67, 81 (Neb. 2012) ("[T]he economic loss doctrine precludes tort remedies . . . where the damages caused were limited to economic losses and . . . a defective product caused the damage . . . . [E]conomic losses are defined as commercial losses, unaccompanied by personal injury or other property damage.")

Moreover, if the negligence claim against Show-Me was intended as a claim for contribution based on a theory of negligence, Young's Welding failed to plead such a claim. To proceed on a claim for contribution, Young's Welding must share a common liability in tort with Show-Me. *See Estate of Powell ex rel. Powell v. Montange*, 765 N.W.2d 496, 502 (Neb. 2009). Plaintiffs only asserted claims against Young's Welding on a theory of strict liability in tort. Thus, at the culmination of Plaintiffs' action against Young's Welding, any liability found on the part of Young's Welding will be based on strict liability in tort. As explained above, Show-Me, a non-manufacturer, does not share in this liability under Nebraska law. Thus, Young's Welding has not alleged any common liability with Show-Me, and any claims for contribution will be dismissed.

9

### III. Breach of Implied Warranties

In Nebraska, actions for breach of implied warranties arise under Nebraska's Uniform Commercial Code Neb. Rev. Stat. ("Neb. UCC") § 1-101 to § 10-104. Neb. UCC sections 2-314 and 2-315 describe a seller's obligation with respect to implied warranties of merchantability and fitness for a particular purpose. A seller's implied warranty extends to buyers and non-buyer third-parties if the third-party is a "natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty." Neb. UCC § 2-318. The implied warranties of merchantability and fitness for a particular purpose run from the seller to the buyer and third-party beneficiaries, not the opposite. *See* Neb. UCC §§ 2-314, 2-315; *see also In re Gen. Dynamics Asbestos Cases*, 539 F. Supp. 1106, 1112 (D. Conn. 1982) ("[T]he representation that a product is safe for its intended use normally flows from the manufacturer to the purchaser, not vice versa.").

Here, the only sales transactions alleged in the Plaintiffs' Amended Complaint and the Third-Party Complaint are the sale of the Machine from Young's Welding to Show-Me and the sale of the Machine from Show-Me to an agricultural equipment distributor. With respect to the first transaction, Young's Welding was the seller, not the buyer. With respect to the second transaction, Young's Welding was not a party. Young's Welding failed to allege any facts supporting a reasonable inference that it was a buyer in any relevant sales transaction. Further, it did not allege any facts supporting an inference that it was a third-party beneficiary to any sales contract. Thus, Young's

Welding failed to allege facts from which it can be inferred that it has standing to bring claims for breach of implied warranties.

## CONCLUSION

The Third-Party Complaint alleged claims for strict liability in tort, negligence, and breach of implied warranties. Because Young's Welding failed to allege that Show-Me was a manufacturer of the Machine, the claim for strict liability in tort against Show-Me is prohibited under Nebraska law. With respect to the negligence claim, the facts alleged do not support any inference that Show-Me owed a duty of care to Young's Welding. Finally, with respect to claims for breach of implied warranties, Young's Welding did not allege facts from which it can be inferred that it has standing as a buyer or third-party beneficiary to a sales contract with Show-Me. The Court concludes that the Third-Party Complaint fails to state any claims against Show-Me upon which relief can be granted, and the Third-Party Complaint will be dismissed.

IT IS ORDERED:

1. Show-Me's Motion to Dismiss (Filing No. 26) is granted;
2. Young's Welding's Third-Party Complaint (Filing No. 20) is dismissed; and
3. The Clerk's office is directed to terminate Show-Me as a party to the above-captioned action.

Dated this 20th day of January, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge