IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM SHELTON and<br>ALECIA SHELTON,<br><br>                Plaintiffs,<br><br>     v.<br><br>YOUNG'S WELDING<br>AND MACHINE SHOP, LLC,<br><br>                Defendant. | 8:14CV165<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the "Motion For New Trial/Rehearing Under FRCP 59" (Filing No. 40) submitted by Defendant Young's Welding and Machine Shop, LLC ("Young's Welding"). For the reasons stated below, the Motion will be denied.

## BACKGROUND

On January 20, 2015, this Court entered a Memorandum and Order ("prior Order") (Filing No. 39), dismissing Young's Welding's Third Party Complaint (Filing No. 20) against Show-Me Shortline Company, LLC ("Show-Me"). In the prior Order, the Court found that Young's Welding failed to state claims against Show-Me upon which relief could be granted. The Court incorporates the factual summary from its prior Memorandum and Order here. (Filing No. 39 at 1-2.)

## STANDARD OF REVIEW

Young's Welding asserts that it brings its motion under Federal Rule of Civil Procedure 59. Pursuant to Rule 59, the court may grant a new trial "after a jury trial . . . or after a nonjury trial . . . ." Fed. R. Civ. P. 59(1). Under Fed. R. Civ. P. 59(e), parties may file "[a] motion to alter or amend a judgment . . . no later than 28 days after the

entry of judgment." As there has been no trial in this case and the Court has not entered a final judgment, the Court will review Young's Welding's Motion as one for reconsideration rather than a motion for a new trial.

This Court's local rules at one point addressed motions for reconsideration, *see* NECivR 60.1 (2009), and included a standard of review for such motions, which stated:

> Motions for reconsideration are disfavored, and the court will ordinarily deny them without a showing of (1) manifest error in the prior ruling or (2) new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence.

Because "[t]he Federal Rules of Civil Procedure do not mention motions for reconsideration," *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999), this local rule was removed in 2010.[1] Nevertheless, the Eighth Circuit has found that when a motion for reconsideration is filed and addresses a nonfinal order, it is properly construed as a Rule 60(b) motion. *Broadway*, 193 F.3d at 989. Such motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir.1988)) (internal quotation marks omitted).

## DISCUSSION

In the Amended Complaint (Filing No. 37), Plaintiffs William and Alecia Shelton ("Plaintiffs") assert one claim against Young's Welding. That claim is a products liability claim based on strict liability in tort. Plaintiffs' Amended Complaint does not state a

---

[1] *See* 2010 Amendments to Local Rules – Summary of Changes, available at: http://www.ned.uscourts.gov/attorney/local-rules.

claim based on negligence. Young's Welding's Third Party Complaint asserted claims against Show-Me for strict liability, negligence, and breach of implied warranties.

## I. Young's Welding's Assignments of Error

Young's Welding contends that the Court erred in dismissing its claims against Show-Me by concluding the following:

> 1. Show-Me must owe a duty of care to Young's Welding before Show-Me can be joined as a third-party defendant;
>
> 2. Show-Me cannot be joined as a third-party defendant since Young's Welding's damages are economic, and are unaccompanied by personal injury or other property damage; and
>
> 3. It is not facially plausible that Show-Me is a manufacturer of the bag wrapper machine.

(Young's Welding Br., Filing No. 41 at 1.)

*First and Second Assignments of Error*

The Court did not conclude that "Show-Me must owe a duty of care to Young's Welding before it can be joined as a third-party defendant" nor did the Court conclude that "Show-Me cannot be joined as a third-party defendant since Young's Welding's damages are economic." With respect to Young's Welding's negligence claim, the Court's conclusions were not based on procedural rules governing *joinder*. The Court considered the substantive requirements for negligence claims in Nebraska and found that Young's Welding failed to plead facts sufficient to state a claim against Show-Me based on negligence. (*See* prior Order, Filing No. 39 at 7-9.) As explained in the prior Order, to recover in a negligence action under Nebraska law, "a plaintiff must show a legal duty owed by the defendant to the plaintiff, a breach of such duty, causation, and damages." *Martensen v. Rejda Bros., Inc.*, 808 N.W.2d 855, 861-62 (Neb. 2012). The

3

Court found Young's Welding's Third Party Complaint was insufficient with respect to the elements of legal duty and damages.

Young's Welding appears to argue that Nebraska's procedural rules governing joinder of claims and joinder of necessary parties excuse it from stating a plausible claim for relief based on the elements of negligence.[2] Young's Welding cites Neb. Rev. Stat. § 25-701 (Reissue 2008) and Neb. Rev. Stat. §25-323 (Reissue 2008), Nebraska statutes governing joinder, in support of its argument that the Court erred.[3] Assuming, as Young's Welding argues, that the Court would be required to apply these procedural rules under the *Erie* doctrine,[4] these Nebraska statutes do not excuse Young's Welding from stating a valid cause of action against Show-Me.

Nebraska Revised Statute § 25-701 permits "[a] party asserting a <u>claim to relief</u> as [a] . . . third-party claim [to] join, either as independent or as alternate claims, as many <u>claims</u>, legal or equitable, as the party has against an opposing party." Neb. Rev. Stat. § 25-701 (emphasis added). For the reasons stated in the Court's prior Order, Young's Welding did not state a plausible claim based on negligence in its Third Party Complaint. An application of Neb. Rev. Stat. § 25-701 would not change the outcome of the Court's prior Order.

---

[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] Young's Welding suggests the Court disregarded these statutes in its prior Order (*See* Filing No. 41 at 5.) The Court did not discuss these statutes in its prior order because they were not relevant to Show-Me's 12(b)(6) Motion to Dismiss.

[4] "'Under the *Erie* doctrine,' it is long settled, 'federal courts sitting in diversity apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 437 (2010) (quoting *Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 427 (1996)).

Likewise, any application of Nebraska Revised Statute § 25-323, governing the procedure for joinder of "necessary parties," would not repair the deficiencies in Young's Welding's Third Party Complaint.[5] This statute provides in part that "[a]ny person whose negligence was or may have been a proximate cause of an accident or occurrence alleged by the plaintiff . . . may be brought into the suit by any party in the manner provided in section 25-331 or 25-705." This section "gives one joint tortfeasor a way of bringing the other joint tortfeasors into the action to allocate fault among them, even though there is no right of contribution and therefore no derivative liability." John Lenich, Nebraska Practice Series, Civil Procedure, *Impleader: Purposes and requirements— Negligence Cases*, 5 Neb. Prac., Civil Procedure § 14:3 (West 2015). Young's Welding's reliance on § 25-323 is misplaced. Young's Welding and Show-Me are not joint-tortfeasors. Plaintiffs' claim against Young's Welding is based on strict liability. Section 25-323 applies to actions brought in negligence and provides for allocation of fault. Nebraska's comparative fault statute, Neb. Rev. Stat. § 21,185.10, does not apply. *See Shipler v. Gen. Motors Corp.*, 710 N.W.2d 807, 832 (Neb. 2006) (stating "the comparative negligence scheme" does not apply to "actions based on strict liability after February 8, 1992").

---

[5] Section 25-323 governs the procedure for joinder of necessary parties in Nebraska. If Young's Welding is attempting to assert an "indispensable" or "necessary party" defense, such a defense is untimely. Under Fed. R. Civ. P. 12(b)(7), a "failure to join a party under Rule 19"[5] defense "must be asserted in the responsive pleading if one is required" or asserted by motion "before pleading if a responsive pleading is allowed."

With respect to its first and second assignments of error, Young's Welding has not presented any manifest errors of law or fact or any newly discovered evidence, and its Motion based on its first and second assigned errors will be denied.

*Third Assignment of Error*

With respect to Young's Welding's third assignment of error, regarding the Court's finding that "Show-Me's alleged involvement in the manufacture of the Machine does not make Show-Me a manufacturer" (prior Order, Filing No. 39 at 6), Young's Welding does not make any new argument or present any new law or facts the Court did not already consider when ruling in its prior Order.[6] The Court will not repeat the analysis in its prior Order with respect to the strict liability claim, and Young's Welding's Motion based on its third assignment of error will be denied.

---

[6] Young's Welding appears to argue that Neb. Rev. Stat. § 25-21,180, creates a general "products liability" cause of action. (*See* Filing No. 41 at 8 ("Nebraska has a unified product liability action. See, *Neb. Rev. Stat.* §25-21,180 (Reissue 2008)".) Young's Welding also cited this statute in its Brief in Opposition to Show-Me's Motion to Dismiss. (*See e.g.* Filing No. 29 at 2.) Nebraska Revised Statute § 25-21,180 is titled "Terms, defined" and provides:

> As used in sections 25-224 and 25-21,180 to 25-21,182, unless the context otherwise requires: Product liability action shall mean any action brought against a manufacturer, seller, or lessor of a product, regardless of the substantive legal theory or theories upon which the action is brought, for or on account of personal injury, death, or property damage caused by or resulting from the manufacture, construction, design, formulation, installation, preparation, assembly, testing, packaging, or labeling of any product, or the failure to warn or protect against a danger or hazard in the use, misuse, or intended use of any product, or the failure to provide proper instructions for the use of any product.

Neb. Rev. Stat. § 25-21,180. Young's Welding has not presented any authority to support application of this statute as a general cause of action for products liability. As explained here and in the Court's prior Order, products liability actions may be based on theories of strict liability or negligence, and actions based on the two theories are distinguishable. (*See* Filing No. 39 at 4-5.) The statute provides a definition of a term, and it does not create a cause of action.

y

## II.  Entry of Judgment

Young's Welding seeks entry of final judgment in the event the Court denies the relief it requests. Federal Rule of Civil Procedure 54(b) provides: "When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." In deciding whether to enter final judgment under Rule 54(b), the district court "'must first determine that it is dealing with a final judgment' . . . . Second, '[i]n determining that there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals." *Williams v. Cnty. of Dakota*, Neb., 687 F.3d 1064, 1067 (8th Cir. 2012) (alteration in original).  The court should grant certification only if there is "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Id.* (quoting *Hayden v. McDonald,* 719 F.2d 266, 268 (8th Cir.1983)). "A Rule 54(b) determination should not be made routinely; it is only the 'special case' that warrants an immediate appeal from a partial resolution of the lawsuit." *Interstate Power Co. v. Kan. City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993).

Young's Welding has not presented any reason why this Court should find that "there is no just reason for delay" or any reason why an interlocutory appeal might be warranted in this case.  Although the Court has disposed of Young's Welding's individual claims against Show-Me, the Court knows no reason why Young's Welding is in danger of hardship if the Court declines to certify an immediate appeal. To the

7

contrary, interests of judicial economy in avoiding piecemeal appeals weigh against granting certification. *See McAdams v. McCord*, 533 F.3d 924, 928 (8th Cir. 2008). Accordingly, Young's Welding's request for certification will be denied.

## CONCLUSION

Young's Welding has not demonstrated that the Court made any manifest errors of law or fact, nor has Young's Welding presented any newly discovered evidence. Young's Welding's Motion will be denied, and its request for certification of an immediate appeal under Federal Rule of Civil Procedure 54(b) also will be denied.

IT IS ORDERED:

1. Young's Welding's Motion (Filing No. 40) is denied; and

2. Young's Welding's request for certification of immediate appeal is denied.

Dated this 12th day of March, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge