IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM SHELTON and ALECIA SHELTON,<br><br>              Plaintiffs,<br><br>     v.<br><br>YOUNG'S WELDING AND MACHINE SHOP, LLC,<br><br>              Defendant and Third-Party Plaintiff | CASE NO. 8:14CV165<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Plaintiffs' Motion in Limine (Filing No. 65). Plaintiffs William Shelton ("Shelton") and Alecia Shelton seek to preclude Defendant Young's Welding and Machine Shop, LLC ("Young's Welding") from presenting sixteen categories of evidence at trial. Grouped, to facilitate discussion, the categories concern (1) conduct of Shelton, (2) conduct of Shelton's co-worker, Carl Hamm ("Hamm"), (3) conduct of Shelton's employer, Hurt Holen ("Holen"), (4) conduct of Show-Me Shortline, LLC ("Show-Me"), the company that asked Young's Welding to manufacture the hydraulic bag wrapper machine (the "Machine") at issue in this case and sold the Machine to a farm equipment distributor, and (5) information about farm safety.

Plaintiffs argue that the evidence is irrelevant to their claim, based on strict liability in tort, and would confuse or prejudice the jury. Young's Welding argues that the evidence is relevant to its defenses of misuse and assumption of risk, as well as two elements of the Plaintiffs' case in chief, *i.e.*, whether Young's Welding placed the

Machine on the market, and whether the Machine was the proximate cause of injuries suffered by Shelton.

## DISCUSSION

This case arises out of an accident that occurred on February 21, 2012 (the "Accident"), in which Shelton was injured when he attempted to use the Machine. Plaintiffs brought this action against Young's Welding, alleging that it is strictly liable in tort for Plaintiffs' injuries and damages arising out of the Accident. Specifically, Plaintiffs allege (1) there were no warning labels on the Machine, (2) there were no instruction labels on the Machine, and (3) there was no emergency shut-off on the Machine. (Amended Complaint, Filing No. 37 at 2.)

Nebraska law requires that a plaintiff in a strict liability action prove, by the greater weight of the evidence: (1) That the defendant placed the product on the market; (2) that at the time the product left the defendant's possession, it was defective in one or more of the ways claimed by the plaintiff; (3) that this defect made the product unreasonably dangerous for its intended use, or for any use the defendant could have reasonably foreseen; (4) that this defect was a proximate cause of some damage to the plaintiff; and (5) the nature and extent of that damage. *Jay v. Moog Automotive, Inc.,* 652 N.W.2d 872, 879 (Neb. 2002); Nebraska Jury Instruction ("NJI") 2d Civ. 11.20.

"A product is defective in its design if it fails to perform as safely as an ordinary consumer would expect when it is used in a manner either intended by the manufacturer or reasonably foreseeable by the manufacturer." NJI2d Civ. 11.22; *see Kudlacek v. Fiat S.p.A.,* 509 N.W.2d 603, 610–11 (Neb. 1994). "A product is defective if it is not accompanied by sufficient warnings. To be sufficient, a warning must inform a

2

product's user of any risk of harm not readily recognizable by the ordinary user while using the product in a manner reasonably foreseeable to the manufacturer." NJI2d Civ. 11.23; *see Erickson v. Monarch Industries*, Inc., 347 N.W.2d 99, 109 (Neb. 1984). "A product is unreasonably dangerous if it creates a risk of harm beyond that which would be contemplated by the ordinary foreseeable user." NJI2d Civ. 11.24; *see Erickson*, 347 N.W.2d at 109.

Misuse of a product is a defense in Nebraska in strict liability cases. *See Erickson,* 347 N.W.2d at 109–10. A defendant asserting this defense has the burden of proving by the greater weight of the evidence: (1) That the plaintiff used the product in one or more ways claimed by the defendant; (2) that the defendant could not reasonably have foreseen such a use of the product; and (3) that this misuse by the plaintiff was a proximate cause of his own injury. NJI2d Civ. 11.25; *see Erickson,* 347 N.W.2d at 110. In Nebraska, it is also a defense in a strict liability case if a manufacturer proves by a preponderance of the evidence: (1) That the plaintiff knew of and understood the danger, (2) that the plaintiff voluntarily and unreasonably exposed himself to that danger; and (3) that the plaintiff's injury occurred as a result of his exposure to that danger. NJI2d Civ. 11.26; *see Hancock v. Paccar*, 283 N.W.2d 25, 38 (Neb. 1979).

**I.  Conduct of Shelton**

Plaintiffs seek to preclude Young's Welding from offering testimony or other evidence that Shelton violated any standard of care, or operating protocol, or was negligent, at fault, mistaken, or in error, by attempting to load the grain bag onto the Machine while leaving the tractor running and unattended. Plaintiffs note that

3

Nebraska's comparative negligence scheme does not apply to actions based on strict liability in tort. See *Shipler v. General Motors Corp.*, 710 N.W.2d 807, 831–32 (Neb. 2006) (holding that trial court did not err in refusing to admit evidence of plaintiff's negligence in action based on strict liability).

Plaintiffs also seek to preclude Young's Welding from presenting testimony or other evidence that Shelton should have recognized the potential danger the Machine presented. Plaintiffs argue that the doctrine of assumption of risk applies a subjective standard, involving an inquiry into what a particular plaintiff actually knows, understands and appreciates, and not "those things from which, in possibility, danger may flow." *Hughes v. Omaha Pub. Power Dist.*, 735 N.W.2d 793, 807 (Neb. 2007); *id.* at 808 ("[P]laintiff must have actual knowledge of the specific danger which caused the injury.").

The evidence before the Court at this time suggests that the Machine was designed to be powered by an external engine, such as a tractor engine; and once Shelton and Hamm both dismounted the tractor, their ability to shut off the power to the Machine was impaired. Because Plaintiffs claim the Machine was defective, *inter alia*, due to its lack of an emergency shut-off mechanism, Shelton's act of attempting to load the grain bag onto the Machine while leaving the tractor running and unattended may be relevant to issues of whether the Machine was in fact defective; whether Shelton misused the Machine in a manner not reasonably foreseeable to Young's Welding; and whether any defect in the Machine was the cause of Shelton's injuries.

With regard to Shelton's recognition of the potential danger the Machine presented, evidence relevant to whether he knew of and understood the dangers,

voluntarily and unreasonably exposed himself to those dangers, and was injured as a result of his exposure to those dangers, may well be admissible. The Plaintiffs' motion in limine will be granted, however, with respect to evidence related only to the objective question of what Shelton "should have known" of the dangers presented by the Machine.

## II. Conduct of Shelton's Co-worker, Carl Hamm

Plaintiffs seek to preclude Young's Welding from offering any testimony or other evidence that Hamm should have known it is against standard operating protocol for a running tractor to be left unattended, or that Hamm violated a standard of farm safety by dismounting the tractor while it was running. Again, Plaintiffs rely on the principle articulated in *Shipler*, that evidence of comparative negligence is properly excluded in actions based on strict liability. Young's Welding argues that Hamm's actions are relevant to the issue of causation.

As discussed above, the fact that the tractor was left running and unattended while Shelton attempted to load the grain bag onto the Machine may be relevant to the question of whether any defect in the Machine was the cause of Shelton's injuries. What Hamm knew or should have known is not relevant, however, because comparative negligence is not applicable to cases based on strict liability in tort. *Shipler,* 710 N.W.2d at 831–32.

## III. Conduct of Shelton's Employer, Hurt Holen

Plaintiffs seek to preclude Young's Welding from making any reference to Plaintiffs' claim of negligence on the part of Holen d/b/a K&R Farms, as alleged in Plaintiffs' complaint filed in the District Court of Saline County, Nebraska, on February

17, 2014, and later dismissed. Plaintiffs again rely on *Shipler*, for the proposition that evidence of comparative negligence is not admissible in actions based on strict liability.

Young's Welding asserts that the claim of negligence on the part of Holen is a judicial admission, and/or an evidentiary admission, relevant to the issue of causation. Specifically, Young's Welding asserts that the jury may be instructed that if the sole proximate cause of a plaintiff's injury was the conduct of a non-party, then the verdict should be for the defendant. (Defendant's Brief, Filing No. 73 at 11 (citing *Wollenhaupt v. Andersen Fire Equip. Co.*, 440 N.W.2d 447, 449 (Neb. 1989); *Whittington v. Neb. Natural Gas Co.*, 128 N.W.2d 795, 805 (Neb. 1964)).)

In Nebraska, matters contained in pleadings are judicial admissions as to the adversary. Matters contained in pleadings in other cases may be received in evidence as admissions of a party. *Cook v. Beermann*, 276 N.W.2d 84, 85 (Neb. 1979). "As a general rule, pleadings containing an admission are admissible against the pleader in another action on behalf of a stranger to the former action." *Johnson v. Rieken*, 173 N.W.2d 511, 515–16 (Neb. 1970).

If the evidence at trial demonstrates that Holen instructed Shelton to use the Machine in a way that Young's Welding could not reasonably have foreseen, and that such misuse was the proximate cause of Shelton's injury, then a jury may find that the Plaintiffs have not proven all the elements of their cause of action, or that Young's Welding has met its burden of proving its defense of misuse.

Young's Welding will not be precluded, in limine, from presenting testimony and other evidence about Holen's conduct related to the use of the Machine and the cause of the Accident, nor will Young's Welding be precluded, in limine, from offering as

6

admissions of a party opponent the statements contained in the Plaintiffs' complaint filed in Saline County.

## IV. Conduct of Show-Me Shortline, LLC

Plaintiffs seek to preclude Young's Welding from presenting testimony or other evidence that the Machine was an incomplete device that should not have been sold by Show-Me, or that Show-Me was aware of the correct use of the Machine and did not pass that information along to Holen. Plaintiffs again rely on *Shipler*, and the premise that comparative negligence is inapplicable in strict liability cases.

Young's Welding asserts that such evidence is relevant to the question of whether the Plaintiffs can satisfy the first element of their cause of action, *i.e.*, that Young's Welding placed the Machine on the market. The Court agrees. Young's Welding will not be precluded from presenting evidence regarding the acts or omissions of Show-Me as they relate to whether Young's Welding or Show-Me placed the Machine on the market. Such evidence may include Show-Me's role in the design and manufacture of the Machine, the completeness of the Machine when delivered by Young's Welding to Show-Me, and the intended use and operation of the Machine.

## V. Information About Farm Safety and Standard Practices

Plaintiffs seek to preclude Young's Welding from making any reference to the following publications: "Farm Equipment Hazards," issued by the Texas Department of Insurance Safety Education and Training Program; "Death on the Farm, " by Jesse Hirsch, published in Modern Farmer; "Top Tractor Tips," published by the Missouri Department of Agriculture, "The Ten Commandments of Tractor Safety," published by Utah State University, "OSHA Regulations on Agriculture," published by Small Business

Chronicle, the Tractor Safety Program of Southwestern University Safety Office; and a Washington State Tractor Safety online video.

Plaintiffs also seek to preclude Young's Welding from presenting any pleading, testimony, remarks, questions or argument that might inform the jury of any of the following: Information from the Occupational Safety and Health Administration that agriculture is one of the most dangerous industries in the United States; OSHA's position that a common cause of injury or death on the farm is a tractor's power take-offs and the equipment driven by them; tractor and farm safety training documents or videos that state that whenever the tractor is stopped the operator should use the parking brake and shut off the engine before getting off the tractor; and data from Southwestern University that indicates 6.2 million non-fatal injuries were reported in 1996 alone due to tractors/mowers, and human factors are involved in most tractor-related accidents which include insufficient training or inexperience.

Finally, Plaintiffs seek to preclude Young's Welding from presenting testimony or other evidence that a running tractor should never be left unattended.

While the Court does not doubt that farming is a highly dangerous occupation and that those engaged in farming require training in order to handle farm equipment safely, the relevance of the above publications and other farm-safety information is not apparent. It may be standard practice for farmers to turn off tractor engines and set brakes before dismounting tractors, and a failure to do so may create a variety of hazards, but it is not clear that any of those potential hazards caused or contributed to the Accident in this case.

Before trial, outside the presence of the jury, Young's Welding will be given an opportunity to explain the relevance of the farm-safety publications and information to the specific facts of this case, including the issue of causation. Until such relevance is demonstrated, the Plaintiffs' motion in limine is granted with respect to the farm-safety publications and information, as well as reference to Shelton's alleged breach of a farming standard of care by leaving the tractor running and unattended while he attempted to load the grain bag on to the Machine.

For the reasons discussed above,

IT IS ORDERED:

1. Plaintiffs' Motion in Limine (Filing No. 65) is granted in part, as follows: Defendant Young's Welding and Machine Shop, LLC, will be precluded, in limine, from offering any argument, testimony, or other evidence, regarding:

    a. What Plaintiff William C. Shelton "should have known" of the dangers presented by the Machine;

    b. What Carl Hamm knew or should have known regarding the standard operating protocol for leaving a running tractor unattended, or that Carl Hamm violated a standard of farm safety by doing so;

    c. The following publications: "Farm Equipment Hazards," issued by the Texas Department of Insurance Safety Education and Training Program; "Death on the Farm, " by Jesse Hirsch, published in Modern Farmer; "Top Tractor Tips," published by the Missouri Department of Agriculture, "The Ten Commandments of Tractor Safety," published by Utah State University, "OSHA Regulations on Agriculture," published by Small

Business Chronicle, the Tractor Safety Program of Southwestern University Safety Office; and a Washington State Tractor Safety online video;

d. Information from the Occupational Safety and Health Administration that agriculture is one of the most dangerous industries in the United States; OSHA's position that a common cause of injury or death on the farm is a tractor's power take-offs and the equipment driven by them; tractor and farm safety training documents or videos that state that whenever the tractor is stopped the operator should use the parking brake and shut off the engine before getting off the tractor; and data from Southwestern University that indicates 6.2 million non-fatal injuries were reported in 1996 alone due to tractors/mowers, and human factors are involved in most tractor-related accidents which include insufficient training or inexperience; and

e. Testimony or other evidence that a running tractor should never be left unattended;

2. The Motion is otherwise denied; and
3. Defendant Young's Welding and Machine Shop, LLC, may be heard regarding the relevance of the publications, information, testimony, and other evidence listed in paragraph 1, subparagraphs c, d, and e, on the first day of trial, before jury selection.

Dated this 11th day of April, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge